IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JUAN PABLO HERNANDEZ-PEREZ,<br><br>Defendant. | Case No.: 3:19-cr-00213-AN-3<br><br>OPINION AND ORDER |

      Defendant Juan Pablo Hernandez-Perez moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, defendant's motion is DENIED.

## LEGAL STANDARD

      A court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). This general rule, however, is subject to several exceptions. *See id.*; *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One such exception is found in 18 U.S.C. § 3582(c)(2), which states:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

      The Ninth Circuit has established a two-step inquiry to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879-80 (9th Cir. 2017) (citations omitted). First, the "court must determine whether [the defendant] is eligible for a sentence reduction under the [Sentencing] Commission's policy statement in [U.S. Sentencing Guidelines ("Guidelines") § 1B1.10." *Id*. at 880 (citation omitted). Second, if the defendant is eligible for a sentence reduction, the "court must 'consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether,

1

in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id*. (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

## BACKGROUND

On August 31, 2021, defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846. Mins. of Proceedings of August 31, 2021, ECF [156]; Plea Agreement, ECF [158]. He was sentenced to a 144-month term of imprisonment and five years of supervised release, set to be served concurrently with the sentence imposed in case number 3:21-cr-00316-MO. Am. J., ECF [176], at 2-3; Am. Mins. of Proceedings of November 23, 2021. Defendant received a two-level increase due to possession of a dangerous weapon. Plea Agreement ¶ 7. He conceded in the plea agreement that when agents searched his residence, they found three firearms near the controlled substances at issue. *Id.* ¶ 5. The parties also agreed that defendant did not meet the safety valve adjustment criteria because he possessed firearms. *Id.* ¶ 12. At sentencing, the Court adopted similar findings in the presentence report. *See* Statement of Reasons, ECF [175].

On January 27, 2025, defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Def. Mot., ECF [230]. The government opposes the motion. Gov't Resp., ECF [232]. Defendant's projected date of release is May 8, 2029. Def. Mot. 2.

## DISCUSSION

On November 1, 2023, the Sentencing Commission amended the Guidelines via Amendment 821. Sent'g Guidelines for U.S. Cts., 88 Fed. Reg. 28254, 28254 (May 3, 2023). Part A and Part B, subpart 1 of Amendment 821 apply retroactively. U.S.S.G. § 1B1.10(d). Part A decreases the number of status points received by individuals who committed their offense while under a criminal justice sentence. *Id.* § 4A1.1(e). Subpart 1 of Part B reduces the term of imprisonment for individuals who did not receive any criminal history points. *Id.* § 4C1.1(a)(1). A defendant who "possess[ed], receive[d], purchase[d], transport[ed], transfer[ed], s[old], or otherwise dispose[d] of a firearm or other dangerous

2

weapon (or induce[d] another participant to do so) in connection with the offense" is not eligible for a sentence reduction. U.S.S.G. § 4C1.1(a)(7).

Defendant argues that he did not possess a firearm in connection with his offense because the firearm was found in a bedroom that was not his bedroom and his fingerprints were not found on the firearm. Def. Mot. 4. He asks for review of the finding made at sentencing that he was in possession of a firearm. *Id.* Defendant also notes that he has maintained a clean record at Lompoc Federal Correctional Institution, where he participates in programs, classes, and religious services, and "help[s] out when [he] can." *Id.*

A defendant possesses a firearm in connection with a drug offense "when the circumstances indicate that he possessed the firearm to protect himself from dangers related to the drug trade and that he lacked a plausible alternate explanation for possessing the firearm." *United States v. Gamez-Rangel*, No. 3:19-cr-00361-IM-5, 2024 WL 358180, at *3 (D. Or. Jan. 31, 2024) (citing *United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006); *United States v. Suarez*, 655 F. App'x 549, 550-51 (9th Cir. 2016); *United States v. Fernandez*, 526 F.3d 1247, 1252-53 (9th Cir. 2008)). Here, defendant disputes the finding that he possessed a firearm in connection with the offense but provides no plausible alternate explanation. Given the facts conceded in the plea agreement and found at sentencing, defendant is ineligible for a sentence reduction due to U.S.S.G. § 4C1.1(a)(7).

A second exception makes defendant ineligible for a sentence reduction. When determining the length of a sentence reduction, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. 1B1.10(b)(2)(A). Defendant's 144-month sentence was below the guideline range at the time it was imposed and would remain below the amended guideline range if he did qualify for a zero-point offender adjustment. As a result, even if defendant did not possess a firearm in connection with a drug offense, he would not be eligible for a sentence reduction.

## CONCLUSION

For the foregoing reasons, defendant Juan Pablo Hernandez-Perez's Motion for Sentence Reduction, ECF [230], is DENIED.

IT IS SO ORDERED.

DATED this 9th day of April, 2025.

_____
Adrienne Nelson
United States District Judge